UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TANYA MARIE CHONG,

       Plaintiff,

v.                                                             CASE NO. 3:15-cv-191-J-34JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

       Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying her application for a Period of Disability and Disability Insurance

Benefits.   A hearing was held before the assigned Administrative Law Judge

("ALJ") on January 8, 2013, at which Plaintiff was represented by an attorney.  (Tr.

40–74.)  In a decision dated March 29, 2013, the ALJ found that Plaintiff was not

under a disability from January 3, 2009, the alleged onset date, through June 30,

2012, the date last insured.  (Tr. 22–33.)

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1;  Local Rule 6.02.

In reaching his decision, the ALJ found that Plaintiff had the severe impairments of "seizure disorder, anxiety and depression."  (Tr. 24.)  The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except that the claimant must avoid work around unprotected heights, moving machinery, and ladders, ropes or scaffolds.  The claimant cannot perform work requiring her drive [sic] a motor vehicle.  The claimant is limited to performing simple, unskilled, repetitive tasks requiring only brief contact with the public.

(Tr. 26.)

Plaintiff has exhausted her available administrative remedies and the case is properly before the Court.  For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED and REMANDED**.[2]

## I.    Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations

___

[2] Although Plaintiff requests oral argument, the undersigned recommends that oral argument is unnecessary.

and quotations omitted).  "With respect to the Commissioner's legal conclusions, however, our review is *de novo.*"  *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## II.    Issues on Appeal

Plaintiff raises two interrelated issues on appeal, which she frames as follows:

> I.     The [ALJ] failed to apply the correct legal standards to the opinion of Ms. Chong's treating psychiatrist, Dr. Nesbitt.
>
> II.    The ALJ failed to apply the correct legal standards to Ms. Chong's testimony.

(Doc. 14 at 1.)

The undersigned agrees with Plaintiff that the ALJ erred in failing to address the opinions of Dr. Jacki Nesbitt, a treating clinical psychologist.  Further, the undersigned agrees with Plaintiff that since the ALJ must consider the entire case record in determining the credibility of a claimant, the ALJ's failure to explicitly consider the opinions of Dr. Nesbitt requires the ALJ to reconsider Plaintiff's credibility as well.

## III.    Analysis

When asked to fill out a "Treating Source Mental Status Report," Dr. Nesbitt, in a note dated July 19, 2011, stated: "I have not seen this patient since [February] 2011, so I cannot comment on her current status.  Please review the enclosed treatment summary."  (Tr. 608.)  In the treatment summary, Dr. Nesbitt noted that

Plaintiff attended a total of forty-five individual counseling sessions with her from January 22, 2009 until February 24, 2010, and then another three sessions in January and February 2011.   (Tr. 609.)   After recounting some of Plaintiff's reported history and symptoms, Dr. Nesbitt opined:

> At the time of her last appointment, Tanya continued to have active symptoms of depression and reported that she continued to have seizure activity.  Her environment was full of stressors including financial strain, conflict with her mother and stepfather, marital problems, inability to drive, and limited social support.  Given the combination of her epilepsy and depression, it is unlikely she will be able to maintain stable employment.  Both tend to be episodic and chronic in nature, and both are greatly affected by stress and fatigue.  Ongoing treatment of both conditions will be necessary for her to function effectively.

(Tr. 610.)

In the decision, the ALJ failed to address Dr. Nesbitt's opinions at all.  As the Court of Appeals for the Eleventh Circuit stated in *Winschel*:

> [T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion."  *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984). (per curiam).  In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the

> conclusions reached are rational." *Cowart*, 662 F.2d at
> 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213
> (4th Cir. 1979)) (internal quotation marks omitted).

631 F.3d at 1179.  In accordance with *Winschel*, the undersigned recommends

that reversal and remand is required.

Defendant argues primarily that although the ALJ did not address Dr.

Nesbitt's opinions in the decision, he "implicitly rejected" them at the hearing.  (Doc.

15 at 5.)   At the hearing, the following exchange occurred between Plaintiff's

attorney and the ALJ:

> ATTY:  Yes, sir.  I just wanted to point out on the record
> Exhibit 19F, which is an epilepsy treating physician data
> sheet completed by physician's assistant Gioconi.  We
> believe that the criteria of 11.03 would be met based
> upon the indications in that medical source statement.
> And in addition, at 13F, Ms. Chong's prior treating
> psychologist, Dr. Nesbitt, opined that given the
> combination of epilepsy and depression it was her
> opinion that it was unlikely Ms. Chong would be capable
> of maintaining stable employment and - -
>
> ALJ:   These documents - - a second.   She doesn't
> actually have epilepsy according to the medical records,
> though.   She may have a seizure like event, but she
> doesn't have epilepsy.
>
> ATTY:  Well, I think that there is some question in the
> record, but I don't know that it has been conclusively
> ruled out.
>
> ALJ:  I thought the discussion of - - - I think it's 25F, where
> they went in detail about the EEG, and how when she
> had an event it was completely negative for an epilepti-
> form event happening.  I think it was 25F, maybe it was
> 24F.  And I think the listing required a cause that could
> be confused.

ATTY:  Well, on the EEG she has had bilateral sharply contoured [theta] activity.  So while there was no epileptic activity on the EEG, there have been positive findings that have appeared which are consistent with epilepsy. So again, I don't think it's been completely ruled out, but it's not 100 percent confirmed either.

ALJ:  I'm looking at 25F, the diagnose [sic] page 11, where it goes into the EEG long term monitoring in September [2010]. It mentions that the mild temporal [theta] activity, but if you go on, it says, "And had one event with no EEG abnormalities associated with it.  Was given a diagnosis of non-epileptic events and migraine headaches."  I think it's pretty [sic] that that's saying that that mild [theta] was not significant, is not a sign of epilepsy.  I'm not saying these events don't occur.  I'm just saying it's not medically epilepsy.  If you're not diagnosed with epilepsy, you can't leave [sic] the epilepsy listing.  There might be an argument about equals, but without a medical opinion of equals I can't make a decision on that.  You could possibly ask the neurologist to give an opinion whether it equals the listing.

(Tr. 72–73.)

Based on this exchange, Defendant argues: "Thus, the ALJ considered Dr. Nesbitt's opinion, which he implicitly rejected because he found, based on record evidence, that Plaintiff did not have epilepsy, one of the bases Dr. Nesbitt cited for her opinion." (Doc. 15 at 6.)  The undersigned recommends that this argument be rejected because it is not clear enough from the ALJ's statements at the hearing that he was rejecting Dr. Nesbitt's opinions, and, even assuming he was, it is not clear why.   Rather, the ALJ was addressing two different documents, and appeared to be focused on whether Plaintiff in fact had epilepsy, and whether her impairment, epilepsy or not, met or equaled a listing.   The ALJ's hearing

statements do not satisfy the requirement that the ALJ "state with at least some measure of clarity the grounds for his decision."  *Winschel*, 631 F.3d at 1179. Moreover, even if Plaintiff did not have epilepsy, the ALJ found that she did have some type of "seizure disorder."  (Tr. 24.)  Thus, even assuming the ALJ meant to discount Dr. Nesbitt's opinions, it is not sufficiently clear why he may have done so.[3]  For these same reasons, the undersigned recommends that this error is not harmless.

Finally, even though Dr. Nesbitt's opinions may have been on issues reserved to the Commissioner and somewhat conclusory, the ALJ was still not free to ignore them.  *See* SSR 96-5p ("[O]ur rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner.").

On the second issue on appeal, regarding the ALJ's determination of Plaintiff's credibility, the undersigned agrees with Plaintiff that the above error requires that the ALJ reassess Plaintiff's credibility in light of the entire record, including Dr. Nesbitt's opinions.  *See* SSR 96-7p ("In determining the credibility of the individual's statements, the adjudicator must consider the entire case record . . . .").  On remand, the ALJ may be able to articulate good cause to discount the opinions of Dr. Nesbitt.  Therefore, the ALJ's assessment of Plaintiff's credibility

---

[3] The undersigned recommends that the Court need not express an opinion regarding whether the absence of epilepsy would constitute "good cause" to discount Dr. Nesbitt's opinions, because it is not clear that that is what the ALJ intended.  *Winschel*, 631 F.3d at 1179.

may not change. However, the undersigned recommends that the ALJ still be instructed to explicitly readdress Plaintiff's credibility.

### IV. Conclusion

The undersigned recommends that reversal and remand for further administrative proceedings is required because of the ALJ's failure to adequately address the opinions of Dr. Nesbitt and his consequent failure to adequately address Plaintiff's credibility.

Accordingly, it is respectfully **RECOMMENDED** that this Court's order state in substance the following:

"1. The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

2. On remand, the Commissioner is required to (a) explicitly address Dr. Nesbitt's opinions; (b) explicitly readdress Plaintiff's credibility; (c) reconsider Plaintiff's RFC if appropriate; and (d) conduct any further proceedings deemed appropriate.

3. Should this remand result in the award of benefits, Plaintiff's attorney is **GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an extension of time in which to file a petition for authorization of attorneys' fees under 42 U.S.C. § 406(b), until thirty (30) days after the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for fees. *See In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. § 406(b) & 1383(d)(2)*, Case No.

6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).  This extension does not apply to the filing of a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4.    The Clerk of the Court is **DIRECTED** to enter judgment consistent with this Order and close the file."

**DONE AND ENTERED** at Jacksonville, Florida, on September 30, 2015.


JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record